IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTER DIVISION

| | |
|---|---|
| **NICOLE GRAHAM**<br>321 N. Hillside Road<br>Canfield, Ohio    44406<br><br>    Plaintiff<br><br>vs.<br><br>**PHILLIPS FEED SERVICE, INC.**<br>c/o Statutory Agent Mario Van Hattem<br>226 White Street<br>Clyde, Ohio 43410<br><br>    Defendant | CASE NO._____<br><br>JUDGE:_____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Now comes the Plaintiff, NICHOLE GRAHAM, by and through counsel, and seeks declaratory, injunctive, and equitable relief, compensatory and punitive damages and attorney fees and cost for sexual harassment, discrimination and retaliation and for denial of due process of law and equal protection under the law. For her Complaint against the Defendant PHILLIPS FEED SERVICE, INC., states as follows:

### VENUE AND JURISDICTION

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, the Civil Rights Acts of 1991 and the Ohio Civil Rights Act pursuant to Chapter 4112 of the Ohio Revised Code and the common laws of the State of Ohio for sexual discrimination, sexual harassment and retaliation.

2.     Jurisdiction is conferred upon this Court and invoked pursuant to 28 U.S.C. §§1331, 1343,and 42 U.S.C. 2000-e. Plaintiff timely filed charges of discrimination with the Ohio Civil Rights Commission and the Equal Employment

1

Opportunity Commission (EEOC). A Notice of Right to Sue was issued by the EEOC, attached hereto a Exhibit "A". Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. ¶1367.

3. Declaratory, Injunctive and equitable relief is sought pursuant to 28 U.S.C. §§2201, 2201, 42 U.S.C. 2000e and Ohio Revised code §4112.99; compensatory and punitive damages are sought pursuant to 42 U.S.C. 2000e, et. seq., and the common law of the State of Ohio; costs and attorney fees may be awarded pursuant to 42 U.S.C. §1988, Fed.Civ.R. 54 and the common law of the State of Ohio.

4. At all relevant time to Plaintiff's claims, Plaintiff resided within this judicial district; a substantial part of the events, actions and conduct giving rise to the claims arose in this judicial district and unlawful employment practices were committed in this judicial district rendering venue appropriate in the United States District Court, Northern District of Ohio, Eastern Division pursuant to 29 U.S.C. §1391.

## PARTIES

5. At all times relevant hereto, the Plaintiff, Nichole Graham ("Graham") resided at 321 N. Hillside Road, County of Mahoning, State of Ohio.

6. At all times relevant hereto, Graham was employed by the Defendant PHILLIPS FEED SERVICE, INC. ("PHILLIPS") as a Territory Sales Manager.

7. PHILLIPS is a Pennsylvania corporation having its principal place of business located at 3747 Hecktown Road, Easton, Pennsylvania 18046 and is licensed to do business in the State of Ohio as a foreign for-profit corporation at 235 Northwest Road, Clyde, Ohio 43410. PHILLIPS conducts business throughout the State of Ohio and

specifically conducts business within Northeast Ohio.

## FACTS

8. On or about January 2, 2017, Graham began her employment with PHILLIPS as a Territory Sales Manager. At the time she was hired, Graham's supervisor was Mr. Jeff Durgan.

9. On or about January 24, 2017, Mr. Durgan travelled from Michigan to Youngstown, Ohio, staying at the Marriott Hotel in Canfield, Ohio.

10. Mr. Durgan asked Graham to come to the Marriot to prepare for a "ride-along" that was scheduled to occur with Graham the next day,

11. In his hotel room at the Marriot, Mr. Durgan sexually assaulted Graham despite her repeatedly saying NO, and asking him to stop.

12. At some point after the inappropriate sexual conduct, Mr. Durgan verbally threatened Graham, saying he would provide a negative review of her work performance to Mr. Lon Ziegler, his supervising manager, and would tell him that all she had done was sit around for the past several months.

13. That same day Graham reported the incident to another PHILLIPS Territory Manager and was advised to "keep her head down", which she took to mean "don't say anything."

14. The next day, Mr. Durgan apologized and indicated that he had overstepped his boundaries. However, that same evening, after completing their scheduled ride-along activities, Mr. Durgan then asked her to once again come up to his room at the Marriot, which Graham refused to do.

15. Thereafter, Durgan became rude and hostile in how he addressed Graham concerning her work performance and work duties. Durgan continued with inappropriate comments and advances.

16. On April 3, 2017, Graham told another management-level employee, Kyle Wessel, that Durgan was treating her unfairly, and that she believed it was because of the initial sexual assault.

17. Mr. Wessel immediately reported Graham's concerns about Mr. Durgan's improper sexual conduct to the supervisor for Territory Managers, Mr. Lon Ziegler, on April 4, 2017.

18. Ziegler said he would handle the situation, but Ziegler failed to contact or notify PHILLIPS' Human Resource Department or otherwise follow Company procedures when he received this information.

19. Ziegler did, however, transfer supervision of Graham's employment to Joseph Semonich. Graham was required to continue working with and communicate with Durgan.

20. PHILLIPS took no employment action against Durgan for his conduct until he was fired by PHILLIPS on October 22, 2017, ten months after he sexually assaulted Graham.

21. From April 4, 2017, to date of Durgan's termination, Graham was forced to continue to interact with, communicate with, and e-mail with Mr. Durgan as part of her job duties.

22. Even after Graham was transferred from his supervision, Mr. Durgan

continued to contact Ms. Graham, and told her that her actions "almost cost him his job" with PHILLIPS. Durgan continued with inappropriate sexual comments and advances toward Graham.

23. On October 26, 2017, Graham was transferred to yet-another supervisor, Mr. Michael Beaulieu. Graham was told that "no one wants to supervise her" because of the allegations of sexual assault she made concerning Jeff Durgan and that she was "bad news."

24. During her tenure with PHILLIPS, Graham never received any written or verbal write-ups and had no negative reviews in her job performance and received a pay raise in April 2018.

25. On September 13, 2018, Plaintiff's employment with PHILLIPS was terminated, without just cause and in retaliation for reporting the sexual assault perpetrated by Jeff Durgan.

### FIRST CAUSE OF ACTION
### SEXUAL DISCRIMINATION/HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT

26. Plaintiff incorporates Paragraphs 1 through 25 of this Complaint as if fully written herein.

27. During the course of Graham's employment, she was subjected to sexual harassment, sexual assault and discrimination.

28. Defendant PHILLIPS discriminated against Graham in the compensation and other terms and conditions of her employment including but not limited to failing to take any employment action against the male employee who sexually assaulted her, failing to take appropriate corrective action when management was notified of the

sexual assault, failing to provide proper training for employment as a Territory Sales Manager and terminating her employment under the guise of a layoff and reorganization when other male Territory Managers with smaller territories and smaller sales volumes were kept employed.

29. Defendant PHILLIPS acted willfully, wantonly, recklessly and/or maliciously toward Graham without regard for her legal rights in discriminating against her because of her female gender.

30. The actions of PHILLIPS violated the civil rights of Graham, including those guaranteed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and constitutes violations of 42 U.S.C. §2000-e.

31. As a direct and proximate result of Defendant's discrimination, Graham has suffered and continues to suffer loss of compensation, including but not limited to back pay, loss of opportunity to continue gainful employment and compete for other positions and promotions at PHILLIPS, loss of opportunity to secure gainful employment with other employers, loss of future earnings, loss of other employment benefits and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney fees, and continues to suffer distress, pain and suffering, humiliation and embarrassment. Further, Graham is entitled to compensatory and punitive damages as well as such additional relief that this Honorable Court deems just and equitable.

### SECOND CAUSE OF ACTION
### RETALIATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT

32. Plaintiff incorporates Paragraphs 1 through 31 of this Complaint as if fully written herein.

33. Defendant PHILLIPS discriminated and retaliated against Graham in the compensation and other terms and conditions of her employment including but not limited to failing to take any employment action against the male employee who sexually assaulted her, failing to take appropriate corrective action when management was notified of the sexual assault, failing to provide proper training for employment as a Territory Sales Manager and terminating her employment under the guise of a layoff and reorganization when other male Territory Managers with smaller territories and smaller sales volumes were kept employed, all after she reported the sexual assault she suffered at the hands of her supervising manager.

34. Defendant acted willfully, wantonly, recklessly and/or maliciously toward Graham without regard for her legal rights in discriminating and retaliating against her because of her female gender and retaliating against her by terminating her employment.

35. Defendant's retaliation against Graham constitutes violations of the civil rights of Ms. Graham, including those guaranteed by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and constitutes violations of 42 U.S.C. §2000-e. 42 U.S.C. 2000-e.

36. As a direct and proximate result of Defendant's retaliation, Graham has suffered and continues to suffer loss of compensation, including but not limited to back pay, loss of opportunity to continue gainful employment and compete for other positions and promotions at PHILLIPS, loss of opportunity to secure gainful employment with other employers, loss of future earnings, loss of other employment benefits and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination and retaliation, including costs and reasonable attorney fees, and

continues to suffer distress, pain and suffering, humiliation and embarrassment. Further, Graham is entitled to compensatory and punitive damages as well as such additional relief that this Honorable Court deems just and equitable.

### THIRD CAUSE OF ACTION
### SEXUAL DISCRIMINATION/HARASSMENT IN VIOLATION OF THE OHIO CIVIL RIGHTS ACT CHAPTER 4112 AND R.C. 4112.99

37. Plaintiff incorporates Paragraphs 1-36 of this Complaint as if fully written herein.

38. Defendant PHILLIPS engaged in discrimination and harassment against Graham in the compensation and other terms and conditions of her employment including but not limited to failing to take any employment action against the male employee who sexually assaulted her, failing to take appropriate corrective action when management was notified of the sexual assault, failing to provide proper training for employment as a Territory Sales Manager and terminating her employment under the guise of a layoff and reorganization when other male Territory Managers with smaller territories and smaller sales volumes were kept employed.

39. Defendant acted willfully, wantonly, recklessly and/or maliciously toward Graham without regard for her legal rights in discriminating against her because of her female gender.

40. Defendant's discrimination against Graham constitutes violations of the Ohio Civil Rights Act Chapter 4112 and section 4112.99 of the Ohio Revised Code.

41. As a direct and proximate result of Defendant's discrimination, Graham has suffered and continues to suffer loss of compensation, including but not limited to back pay, loss of opportunity to continue gainful employment and compete for other positions and promotions at PHILLIPS, loss of opportunity to secure gainful employment

with other employers, loss of future earnings, loss of other employment benefits and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney fees, and continues to suffer distress, pain and suffering, humiliation and embarrassment. Further, Graham is entitled to compensatory and punitive damages as well as such additional relief that this Honorable Court deems just and equitable.

## FOURTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF THE OHIO CIVIL RIGHTS ACT
## CHAPTER 4112 AND R.C. 4112.99

42. Plaintiff incorporates Paragraphs 1 through 41 of this Complaint as if fully written herein.

43. Defendant PHILLIPS discriminated and retaliated against Graham in the compensation and other terms and conditions of her employment including but not limited to failing to take any employment action against the male employee who sexually assaulted her, failing to take appropriate corrective action when management was notified of the sexual assault, failing to provide proper training for employment as a Territory Sales Manager and terminating her employment under the guise of a layoff and reorganization when other male Territory Managers with smaller territories and smaller sales volumes were kept employed, all after she reported the sexual assault she suffered at the hands of her supervising manager.

44. Defendant acted willfully, wantonly, recklessly and/or maliciously toward Graham without regard for her legal rights in discriminating against her because of her female gender and retaliating against her by terminating her employment.

45. Defendant's retaliation against Graham constitutes violations of Chapter 4112 and section 4112.99 of the Ohio Revised Code.

46. As a direct and proximate result of Defendant's retaliation, Graham has suffered and continues to suffer loss of compensation, including but not limited to back pay, loss of opportunity to continue gainful employment and compete for other positions and promotions at PHILLIPS, loss of opportunity to secure gainful employment with other employers, loss of future earnings, loss of other employment benefits and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs and reasonable attorney fees, and continues to suffer distress, pain and suffering, humiliation and embarrassment. Further, Graham is entitled to compensatory and punitive damages as well as such additional relief that this Honorable Court deems just and equitable.

WHEREFORE, Plaintiff Nichole Graham prays for judgment in her favor and against the Defendant, PHILLIPS, and requests the following:

1. That this Honorable Court award Nichole Graham such relief as is proper as compensation for the loss of her opportunity to engage in gainful employment, including relief in the form of back pay, front pay and future damages in an amount in excess of $100,000.00;

2. That this Honorable Court award Nichole Graham compensation for her loss of earnings, loss of benefits, loss of opportunity to engage in gainful employment and pain and suffering, humiliation and embarrassment in excess of $100,000.00;

3. That this Honorable Court grant Nichole Graham compensatory damages in an amount in excess of $100,000.00;

4. That this Honorable Court grant Nichole Graham punitive damages in an amount in excess of $100,000.00;

5. That this Honorable Court grant Nichole Graham liquidated damages;

6. That this Honorable Court grant Nichole Graham costs and reasonable attorney fees;

7. That this Honorable Court grant Nichole Graham pre- and post-judgment interest; and

8. That this Honorable Court award Nichole Graham such and other relief as may be just and necessary.

Respectfully submitted,

/s/ *Lynn Maro*
**LYNN MARO (#0052146)**
**Maro & Schoenike, Co.,**
7081 West Boulevard, Suite #4
Youngstown, Ohio 44512
Telephone:   330.758.7700
Facsimile:   330.758.7757
E-Mail:   schoejlka@aol.com


/s/ *John A. McNally, IV*
**JOHN A. McNALLY, IV (#0067328)**
JOHN A. MCNALLY, III, CO., LPA
100 East Federal Street, Suite 600
Youngstown, Ohio 44503
Phone:   330-744-5211
E-mail: Johnmcnally7853@gmail.com
ATTORNEYS FOR PLAINTIFF


## JURY DEMAND

Plaintiff, Nichole Graham, hereby demands trial by jury of all issues so triable.

/s/ *Lynn Maro*
**LYNN MARO (#0052146)**
**JOHN A. MCNALLY, IV (#0067328)**
ATTORNEYS FOR PLAINTIFF

11

EEOC Form 161 (11/16)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Nichole Graham<br>321 N. Hillside Drive<br>Canfield, OH 44406 | From: Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2019-00776 | Jeremy A. Sells,<br>State & Local Coordinator | (463) 999-1161 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*      October 7, 2019

Enclosures(s)      **Michelle Eisele,**      *(Date Mailed)*
               **District Director**

cc:   **HR Director**<br>
**PHILLIPS PET FOOD & SUPPLIES, INC.**<br>
**3747 Hecktown Road**<br>
**Easton, PA 18045**

**EXHIBIT A**

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Cleveland Field Office

AJC Federal Building
1240 East Ninth Street, Suite 3001
Cleveland, OH 44199
(216) 522-2001 (Main Number)
1-800-669-4000 (General Inquiries)
FAX (216) 522-7395 * TTY (216) 522-8441

EEOC Charge No. 532-2019-00640

Nicole Graham
321 N. Hillside Road
Canfield, OH 44405

Charging Party

Karen Haddigan
Human Resources
PHILLIPS FEED SERVICE, INC.
3747 Heckerton Road
Easton, PA 18045

Respondent

## DISMISSAL

You are hereby notified that the Commission is administratively closing the above-referenced charge because it has been determined that the issues raised in this charge are fully covered by and incorporated into Charge No. 22A-2019-00776 which was filed on December 14, 2018. The resolution of that charge resolved the matters raised in the above charge now being dismissed.

On Behalf of the Commission:

10-12-2019
Date

Cheryl Mabry
Field Office Director

Cc: Lynn Maro
Marco & Schoenike, Co.
7081 West Blvd., Suite 4
Youngstown, OH 44512